986 F.2d 1430
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff/Appellee,
v.
Kevin Tommie HALL, Defendant/Appellant.
 No. 92-330.
 United States Court of Appeals, Tenth Circuit.
 Jan. 27, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, JR., Circuit Judges.**
 ORDER AND JUDGMENT**
 PAUL KELLY, JR., Circuit Judge.
 
 
 1
 Defendant-appellant Kevin Tommie Hall appeals his sentence, specifically, calculation of his restitution award. A nine-count indictment charged Mr. Hall with three bank robberies occurring on August 3, August 17, and August 24, 1990, and firearms charges related to these offenses. After plea negotiations, Mr. Hall pled guilty to the August 17 bank robbery and a firearms charge related to that robbery. See 18 U.S.C. §§ 2113(a) & (d), 924(c)(1). Pursuant to the plea agreement, the court ordered Mr. Hall to transfer a Harley Davidson motorcycle, purchased by Mr. Hall for $8,000 in cash on August 5, 1990, to Bank IV, the victim of the August 3 robbery. The court additionally ordered Mr. Hall to pay Interstate Federal Savings and Loan, the victim of the August 17 robbery, $3,066.10 in restitution. On appeal, Mr. Hall claims that the $8,000 value of the motorcycle should be credited against the $3,066.10 in restitution. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.
 
 
 2
 Appellate review of the legality of a restitution award is de novo, while the amount of restitution is reviewed for an abuse of discretion. United States v. Diamond, 969 F.2d 961, 965 (10th Cir.1992). The plain language of Mr. Hall's plea agreement provided that "Mr. Hall will additionally surrender and transfer to the government, or to such party as the sentencing court may order, the Harley Davidson motorcycle purchased by him on August 5, 1990, and any other fruits or proceeds of the offenses charged in the indictment which are still in his possession or under his control." Aplt.Br., ex. A.
 
 
 3
 The Victim and Witness Protection Act (VWPA) provides that "[t]he court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). Although this provision became effective in November 1990, after the date of the offenses charged in Mr. Hall's indictment, Mr. Hall entered into the plea agreement on June 16, 1992, long after § 3663(a)(3) became effective. We find no violation of ex post facto principles in allowing the court to validate prospectively the terms of the plea agreement. See United States v. Arnold, 947 F.2d 1236, 1238 n. 2 (5th Cir.1991). A violation of ex post facto requires a change in the law increasing the penalty attributable to a particular crime. Weaver v. Graham, 450 U.S. 24, 29-31 (1981). The procedural clarification of the 1990 amendment to the VWPA did not retroactively enhance the penalty for past conduct, and does not offend ex post facto as applied to Mr. Hall's plea agreement. See United States v. Rice, 954 F.2d 40, 43-44 (2d Cir.1992); United States v. Arnold, 947 F.2d at 1238 n. 2 (5th Cir.1991).
 
 
 4
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3